IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT TATUM, and all similarly situated
DOC/CCI Inmates,

      Plaintiff,

 v.

DENNIS CIMPL, CHRISTINE CHARETTE,
KELLY DEFORT, DONNA LENDOWSKI,
JACKELINE MALONE, LEPOSAVA MUNNS,    ORDER
KATHY NELSON, KAREN PALIS,
TAMMY SYLVESTER, LISA WENINGER,     14-cv-690-jdp
PATRICIA CURLEY, "JOHN" HIGGINBOTHAM,
DIANE FREMGREN, JEFFREY KREMERS,
SUSAN "B.", ALAN WHITE, SUSAN RAIMER,
FRANK REMINGTON, CARLOS ESQUEDA,
WILLIAM CONLEY, PETER OPPENEER,
"M." HARDIN, and LINDA MUHAMMAD,

      Defendants.

---

  Plaintiff Robert Tatum, a prisoner at Wisconsin Secure Program Facility, brought this proposed civil class action alleging that defendants, mostly judges and court employees, including clerks and court reporters, violated his First, Fifth, Sixth, Seventh, and Fourteenth Amendment rights in various ways during plaintiff's criminal proceedings and civil actions. In a February 12, 2016, order, I dismissed the case for plaintiff's failure to state a claim upon which relief could be granted. Dkt. 9. I concluded that plaintiff's claims against judges and related court employees were barred by absolute judicial immunity, that his claims against various court reporters were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because they would call his conviction into question, and his claim against his mother for taking part in a wide-ranging conspiracy to deprive him of his rights was implausible. *Id*.

Now plaintiff has filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and a motion for an order requiring the Department of Corrections to unblock access to this court's electronic docket. I also construe plaintiff's Rule 59 motion as containing a motion for my disqualification under 28 U.S.C. § 455(a). Section 455(a) requires me to recuse myself "in any proceeding in which [my] impartiality might reasonably be questioned." I have a duty to recuse when presented with valid reasons, but I also have a duty to refuse recusal when justification is lacking. *N.Y. City Hous. Dev. Corp. v. Hart*, 796 F.2d 976, 980 (7th Cir. 1986).

In his motion, plaintiff suggests that I am biased against him because the case concerns a fellow Western District judge and other courthouse staff. He calls my earlier reference to Eastern District of Wisconsin litigation to ascertain that defendant Muhammad is plaintiff's mother, *id*. at 6, "highly suspect,"[1] and he takes issue with the length of time that it took to screen his complaint. Assuming that plaintiff means to ask for my recusal, I will deny that motion.

I assure plaintiff that he has received no special treatment (either positive or negative) in this case. I have not talked to any of the defendants, either the ones who work in the Western District courthouse or the ones who do not, about this case. Regarding the reference to defendant Muhammad as plaintiff's mother, his suspicion about the court's motives is unfounded. It is common for district judges to look at underlying public court records to gain background information about the events at issue or clarify a plaintiff's litigation history.

---

[1] In the February 12, 2016, order, I stated, "The last named defendant is Linda Muhammad, identified as a 'paid or otherwise compensated co-conspirator at all times relevant, who allegedly acted as a "hub" for the conspiracy' (Compl., Dkt. 1, ¶ 26), but based on review of records available in an Eastern District lawsuit, is also apparently the plaintiff's mother."

Turning to plaintiff's Rule 59 motion, such a motion "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citations and internal quotation marks omitted). This case was dismissed at the screening stage, so there is no new evidence to consider. I conclude that plaintiff does not identify a manifest error in my dismissal order, so I will deny his motion.

Plaintiff argues that I was incorrect to invoke the doctrine of judicial immunity to dismiss the claims against the defendant judges and closely related court staff, citing to *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), in which the Supreme Court held that absolute judicial immunity does not extend to actions under 42 U.S.C. § 1983 seeking prospective injunctive relief against state judges on account of their judicial acts. But Congress amended § 1983 to abrogate this holding,[2] and § 1983 now states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Plaintiff does not allege that any of the defendants have violated a declaratory order, and courts have stated that "[d]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order." *LeDuc v. Tilley*, No. 3:05CV157MRK, 2005 WL 1475334, at *7 (D. Conn. June 22, 2005); *see also Yellen v. Hara*, No. CIV. 15-00300 JMS, 2015 WL 4877805, at *5 (D. Haw. Aug. 13, 2015). Plaintiff's *Bivens* claims against federal defendants Judge Conley, Peter Oppeneer, and "M." Hardin are not brought under § 1983, but his claims nonetheless

---

[2] Federal Courts Improvement Act of 1996 ("FCIA"), Pub. L. No. 104–317 (1996).

fail because "the rules regarding judicial immunity do not distinguish between lawsuits brought under *Bivens* and 42 U.S.C. § 1983." *Walrath v. United States*, 35 F.3d 277, 281 n.1 (7th Cir. 1994)

If plaintiff seeks a declaratory judgment in this case, such relief is not barred by judicial immunity, but it is barred as to the state judicial defendants by the *Rooker-Feldman* doctrine, which "essentially precludes lower federal court jurisdiction over claims seeking review of state court judgments or over claims that are 'inextricably intertwined' with state court determinations." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983)). And as I stated in the previous order, plaintiff's claims regarding his criminal proceedings are barred by *Heck*, 512 U.S. at 486-87. Plaintiff's concerns about his state court proceedings should be raised in his direct appeals.

Although I am not aware of any authority foreclosing plaintiff's ability to bring a claim for declaratory relief against a federal judge for potentially ongoing conduct (plaintiff's civil case before Judge Conley, *Tatum v. Meisner*, No. 13-cv-44-wmc, has not yet been fully resolved), it would be improper for a federal district court to entertain such a request. It is a matter of discretion whether to consider a request for declaratory relief, and declaratory relief is inappropriate where there are alternate, more effective remedies available. *Cunningham Bros. v. Bail*, 407 F.2d 1165, 1168 (7th Cir. 1969) ("Although 'the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate,' Rule 57, Fed. Rules Civ. Proc., we hold that such relief is inappropriate in the instant case since 'more effective relief can and should be obtained by another procedure.'" (quoting *Chi. Metallic Mfg. Co. v. Edward Katzinger Co.*, 123 F.2d 518, 520 (7th Cir. 1941))); *see also* 10B

4

Wright & Miller, Federal Practice and Procedure § 2758 (3d ed.). The proper course of action is for plaintiff to make an objection within his ongoing case and then, if necessary, seek relief from the court of appeals.

Plaintiff also cites to 28 U.S.C. § 364 ("Effect of felony conviction") for the proposition that judicial immunity does not apply to criminal activity like the alleged conspiracy he sets forth in his complaint, but this is a misreading of § 364. That provision states penalties against a judge who is convicted of a felony; it does not describe the contours of judicial immunity.

Plaintiff argues that *Heck* does not bar his claims against state-court court reporters because his claims do not necessarily impugn the validity of his conviction. But I already considered this argument in dismissing the case at screening, concluding, "This argument makes no sense. What claim does plaintiff have against the court reporters that is independent of a challenge to the accuracy of those transcripts except as a basis to defend against criminal charges or challenge his conviction on appeal?" Dkt. 9, at 5. Nothing in plaintiff's motion for reconsideration persuades me I was mistaken in making this assessment. And as I stated in the screening order, *Heck* was not the only basis to dismiss these claims: I also concluded that the allegations that nine court reporters conspired to falsify transcripts "to eliminate appeal merit" was "fundamental[ly] implausibl[e]." *Id.*, at 6.

Plaintiff argues that he stated a plausible claim against defendant Muhammad for acting as a "point person" in coordinating the conspiracy against him. But I concluded that his allegations were "so obscure and implausible that dismissal is appropriate." *Id*. at 7. Plaintiff contends that I am imposing a heightened pleading standard on him, but courts

have always retained the authority to dismiss fanciful allegations of the type plaintiff brings here.

Finally, plaintiff has filed a motion requiring the DOC to unblock access to this court's electronic docket. I will deny this motion as well. As Judge Conley stated in plaintiff's other recent case in this court, "the court is not in a position to order direct electronic access of a docket by an inmate." *Tatum*, No. 13-cv-44-wmc, slip op at *3 n.3. (June 7, 2016). Plaintiff does not present a compelling reason to consider allowing him access or delving deeper into prison policy regarding electronic court access. Plaintiff says that prison staff monitors his dockets and blocks him from receiving court orders, but he seems to have had no difficulty receiving the orders in this case.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert Tatum's motion to alter or amend the judgment, Dkt. 11, is DENIED.

2. Plaintiff's motion for my recusal, Dkt. 11, is DENIED.

3. Plaintiff's motion for electronic court filing access, Dkt. 12, is DENIED.

Entered July 21, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge