United States District Court     To the     Western District of WI
DOC NO
Robert L. Tatum, Plaintiff, Appellant,
REC'D/FILED
-v-                       2016 NOV 21  AM 10:36     Case no. 14-CV-690
Dennis R. Cimpl, et al., Defendants, Appellee.
PETER OPPENEER
CLERK US DIST COURT
NOTICE OF APPEAL, w/
[Statement on Transcript Necessity, Use, and
Docketing Statement] - 7th Circuit Rule 3

PLEASE TAKE NOTICE THAT Tatum appeals the ruling on 11-14-16 denying reconsideration of the decision to dismiss the Complaint, entered by Judge James Peterson, US District Judge, to the 7th Circuit Court of Appeals of the United States; This appeal encompassed/includes the underlying, initial rulings denying leave to proceed on the Complaint, and is sought "in forma pauperis". In forma pauperis status was granted in the district court. A transcript will NOT be necessary to this appeal; Appeal will be perfected pro se; oral argument by phone is requested.

This is an appeal of a final order entered by the district; The district court had jurisdiction of the case pursuant to 28 USC 1331, 1367(a), 42 USC 1985, 1986. This court of appeals has jurisdiction over the appeal pursuant to 28 USC 1291.

This is an appeal of a dismissal + PLRA strike against a Complaint, alleging Cimpl et al. defendants by various acts (e.g. intentionally falsifying state court transcripts) conspired to illegally affect the outcome of Tatum's legal proceedings, denying/violating 1st - 14th Amendment (+ other) rights. The district by various rulings held that Rooker-Feldman prevented procession, Heck v. Humphrey was implicated regarding transcript fabrication, judicial immunity protected judge + clerk defendants, that it was "implausible" that several clerks/court reporters working on one transcript could falsify it intentionally, and "implausible" that a family member of Tatum's would be involved in the conspiring. Tatum argued that judicial immunity cannot protect acts that constitute Federal felony offenses under statutory construction principles + the effect of Congress' enacting statutes barring judges who commit felonies from judicial office; clerks administrative acts are not protected by absolute immunity; Rooker-Feldman is limited to cases in which state court losers seek review of state court judgments via Federal courts, but he challenged the acts of conspiring not the rulings themselves, + Congress may abrogate Rooker-Feldman (e.g. 28 USC 2254 review of state court judgments), and specifically allows challenges to conspiring to affect court proceedings under 42 USC 1985, 1986; Heck's acception under Muhammad v. Close applied, because further proceedings, i.e. an evidentiary hearing determining if transcripts could be re-constructed, would be necessary to 'necessarily imply the invalidity of a conviction' for Heck + favorable termination to apply; and the court improperly assumed the jury's function to weigh credibility, at the initial stages of the proceeding (before discovery or presentment of evidence to prove/disprove allegations, and when allegations are supposed to be taken as true), stating allegations as "implausible" not because they aren't probable, reasonably possible, etc., but because he himself didn't or didn't want to believe them personally, most likely because they implicate court colleagues in several crimes in add. to civil liability. The court rejected these contentions, but did not directly address Tatum's arguments.

**LEGAL 574254**

①

Issues to be Presented

1. Whether Rooker-Feldman doctrine applies to Tatum's 42 USC 1985, 1986 claims;
2. Whether the Muhammad v. Close exception to Heck's favorable termination requirement applies to Tatum's claims;
3. Whether absolute judicial immunity protects felonious acts committed by judges in light of Congress' enactments barring judges from judicial office who commit felonies and statutory construction principles;
4. Whether district properly applied Iqbal "plausibility" determination to Tatum's claims related to court reporters + a family member of Tatum's involvement in claims;
[5. Whether the district judge properly denied request for his recusal/disqualification;]

Dated this 17th day of November, 2016.    Signed: RE

Robert Tatum, Pro se-Appellant
WCI, PBX 351, RHUnit A-104
Waupun WI 53963-0351
(920) 324-5571

LEGAL 57425¢

②