IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT TATUM, and all similarly situated
DOC/CCI Inmates,

      Plaintiff,

 v.

DENNIS CIMPL, CHRISTINE CHARETTE,
KELLY DEFORT, DONNA LENDOWSKI,
JACKELINE MALONE, LEPOSAVA MUNNS,    ORDER
KATHY NELSON, KAREN PALIS,
TAMMY SYLVESTER, LISA WENINGER,    14-cv-690-jdp
PATRICIA CURLEY, "JOHN" HIGGINBOTHAM,
DIANE FREMGREN, JEFFREY KREMERS,
SUSAN "B.", ALAN WHITE, SUSAN RAIMER,
FRANK REMINGTON, CARLOS ESQUEDA,
WILLIAM CONLEY, PETER OPPENEER,
"M." HARDIN, and LINDA MUHAMMAD,

      Defendants.

---

Plaintiff Robert Tatum, a prisoner at the Wisconsin Secure Program Facility, brought this proposed civil class action alleging that defendants, mostly judges and court employees, violated his First, Fifth, Sixth, Seventh, and Fourteenth Amendment rights in various ways during his criminal proceedings and civil actions. I dismissed the case for Tatum's failure to state a claim upon which relief could be granted. Dkt. 9. I later denied Tatum's motion to alter or amend judgment, Dkt. 13, and Tatum's motion for reconsideration of that order, Dkt. 16. Tatum filed an appeal but it was dismissed by the court of appeals after he failed to pay the filing fee. Dkt. 31.

While Tatum's appeal was pending, he filed a motion for relief from judgment under Federal Rule of Civil Procedure 60, stating that this court's reliance on *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), was no longer a reason to dismiss his claims because his underlying

criminal conviction was vacated by the Seventh Circuit in Tatum's habeas proceedings, *Tatum v. Foster*, 847 F.3d 459 (7th Cir. 2017).

Tatum is correct that his conviction has been vacated, and in a different circumstance it might be the basis for a proper Rule 60 motion regarding a dismissal based on *Heck*. But as I stated in screening his claims, *Heck* was not the only reason to dismiss his claims. I concluded that they were barred by judicial immunity, or they otherwise were so implausible—he alleged that court reporters filed falsified transcripts 'to eliminate appeal merit,'" Dkt. 9, at 6; and that his mother was paid by the state to facilitate a conspiracy against him—that they could not support claims upon which relief could be granted. Because his claims failed even without a *Heck* bar, I will deny his Rule 60 motion.

ORDER

IT IS ORDERED that plaintiff Robert Tatum's motion for relief from judgment, Dkt. 28, is DENIED.

Entered April 17, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge